UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00445-TAB-MPB |
| ) | |
| FRANK BISIGNANO Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Cynthia R. appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff argues that the Administrative Law Judge erroneously failed to include a limitation—or otherwise explain the omission—to accommodate a need to elevate her leg due to left foot edema.  However, as explained below, the ALJ reasonably considered Plaintiff's edema in detail throughout the ALJ's decision.  Ultimately, the ALJ found it to be a non-severe impairment, lacking or showing up in only trace amounts throughout her medical record, and the ALJ supported the decision to not include further limitations to account for the edema with substantial evidence.  Accordingly, Plaintiff's request for remand is denied. [Filing No. 14.]

**II.     Background**

On March 3, 2022, Plaintiff filed an application for supplemental security income, alleging disability beginning on July 26, 2018. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 3, 2022, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: asthma, chronic obstructive pulmonary disease, pre-diabetes status, degenerative disc disease of the lumber and cervical spine, osteoarthritis of the lumbar and cervical spine, fibromyalgia, and obesity. [Filing No. 9-2, at ECF p. 13.] The ALJ also noted that Plaintiff had multiple non-severe impairments, including edema (fluid build-up within tissue) of the left lower extremity/foot.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), but with the following additional limitations:

> [Plaintiff] can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, push/pull, unlimited, except for the weights indicated, stand or walk for up to six hours in an 8-hour workday, sit for up to six hours in an 8-hour workday, can occasionally climb ramps or stairs, with no climbing of ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, and crawl, with no exposure to concentrated humidity, or to extreme heat, occasional exposure to pulmonary irritants, including dusts, fumes, odors, gases, and no exposure to unprotected heights or to hazardous machinery.

[Filing No. 11-2, at ECF p. 19.] At step four, the ALJ concluded that Plaintiff had no past relevant work. Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including marker, inspector and hand packager, and routing clerk. Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.   Discussion

Plaintiff's sole argument on appeal is that the ALJ erred by failing to provide a limitation to elevate her legs, despite what she describes as medical instruction and evidence supporting this need due to swelling in her left leg—otherwise known as lower extremity edema. Plaintiff argues that other than acknowledging the medical records where Plaintiff reported and documented swelling in her left leg from the knee down, the ALJ made no determination regarding the medical necessity of elevating her leg while seated to treat her edema and failed to mention instructions from Plaintiff's physician to elevate her legs. In contrast, the Commissioner contends that the ALJ reasonably considered Plaintiff's edema in her left foot and found that it was a non-severe impairment, characterizing it as very mild after noting it was often lacking or only trace upon examination.

The Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, 587 U.S. 97, 99, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The threshold for substantial evidence is not high." *Thorpe v. Bisignano*, 148 F.4th 432, 437 (7th Cir. 2025) (internal citation and quotation marks omitted). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the

conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Plaintiff acknowledges that the ALJ considered Plaintiff's left lower extremity or foot edema to be a non-severe impairment.  After summarizing Plaintiff's impairments that the ALJ found to be non-severe, the ALJ concluded:

> Although these impairments may be health concerns for the claimant, I see no persuasive evidence these impairments, alone or in combination with any other impairment, have given rise to functional limitations imposing more than a mild limitation on her ability to perform basic work activities and would therefore be considered "not severe."

[Filing No. 9-2, at ECF p. 14.]  Plaintiff's opening brief fails to mention that the ALJ addressed Plaintiff's edema at length in his RFC analysis.  [Filing No. 9-2, at ECF p. 20, 23-28.]  The ALJ acknowledged Plaintiff's testimony that her left foot experienced edema and that when she had swelling, she needed to take off her shoe and prop up her left leg.  [Filing No. 9-2, at ECF p. 20.]

The ALJ also considered Plaintiff's treatment history.  In doing so, the ALJ recounted numerous medical examinations at which Plaintiff had no edema or trace edema.  [Filing No. 9-2, at ECF p. 22-25.]  For instance, the ALJ noted that in March 2022 during a follow-up appointment with her primary care provider, Dr. Joy Odeta, Plaintiff had no edema to her lower extremities and a normal gait.  [Filing No. 9-2, at ECF p. 22.]  The ALJ further noted that Plaintiff continued to follow up with Dr. Odeta from July 2022 through December 2022 regarding chronic mild edema that had been present for over two years, but with workup in the

4

past with no pathology found and trace edema localized to her left foot. [Filing No. 9-2 at ECF p. 23.] Records during that time indicate findings of only trace or no edema at every appointment. [Filing No. 9-7, at ECF p. 261-328.]

The ALJ also summarized Plaintiff's appointment with Dr. Odeta on April 25, 2023, where she reported intermittent left extremity edema for several years. [Filing No. 9-2, at ECF p. 24.] The ALJ reiterated that, at that appointment, Dr. Odeta encouraged Plaintiff to follow a low-sodium diet and use compression stockings as her edema was "very mild" and was not found on examination. [Filing No. 9-2, at ECF p. 24-25.] The ALJ also considered Plaintiff's appointments with Dr. Odeta in June, September, and October 2023, "with no edema noted in June and September and only trace edema in October[.]" [Filing No. 9-2, at ECF p. 25.]

Plaintiff takes issue with the fact that the ALJ does not mention that at Plaintiff's May and October 2023 appointments, in addition to compression stockings and diet changes, Dr. Odeta also encouraged Plaintiff to elevate her leg when watching television at home. [Filing No. 9-7, at ECF p. 225, 250.] Plaintiff claims this encouragement was a medical instruction for leg elevation while seated that the ALJ was required to consider or account for in the RFC. Plaintiff argues that the ALJ's omission of this need to elevate her legs was not harmless error because the vocational expert testified during the hearing that if an individual is required to elevate their legs to waist level while seated, this would preclude competitive employment. [Filing No. 9-2, at ECF p. 72.]

However, Plaintiff has not shown a "medical necessity" to elevate her legs while seated. Other than Plaintiff's testimony that she takes off her shoe and props up her leg after being on her feet, the only evidence Plaintiff cites to support this claim of medical necessity are the two references in Dr. Odeta's records encouraging her to elevate her legs while watching television.

5

Dr. Odeta's encouragement to elevate her legs does not amount to a medical instruction to elevate her legs while seated that the ALJ blatantly ignored, as Plaintiff attempts to characterize it on appeal. "[A]n ALJ need only include limitations that are supported by the medical record." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022). Plaintiff has not provided this necessary support.

Plaintiff relies on various cases to support her argument, including the unpublished Seventh Circuit decision of *Smith v. Astrue*, 467 F. App'x 507, 510-11 (7th Cir. 2012). In *Smith*, the Seventh Circuit found the ALJ failed to build a logical bridge between cited medical records and evidence in the record that the plaintiff needed to elevate her leg. However, in *Smith*, unlike here, there was evidence of such need, including the Plaintiff's hearing testimony and agency reports; treatment notes from a hospitalization, including instructions to keep the leg elevated after discharge; and records from follow-up appointments that characterized the edema in her leg as either moderate or severe. *Id*. at 510-11. There is no such history here.

Similarly, Plaintiff cites to *Charles B. v. Saul*, No. 19 C 1980, 2022 WL 6134986, at *5 (ND. Ill. Oct. 19, 2020), an unpublished decision from the Northern District of Illinois, to support her argument. In *Charles B.*, the district court noted that courts in the Seventh Circuit "have remanded the decisions of ALJs who fail to include *record-supported* leg elevation requirements without adequately explaining why." *Id.* at 4 (emphasis added). That district court found error where the plaintiff testified and provided "a litany of medical records signaling his leg edema and need for leg elevation" and "[t]he ALJ needed to grapple with this evidence and explain why she rejected it." *Id*. at 5. That was not the case here. As noted above, the only evidence Plaintiff can point to here is her testimony about propping her leg up and two references to Dr. Odeta's treatment notes indicating she encouraged Plaintiff to elevate her feet

6

while watching television at home. However, the ALJ clearly articulated Plaintiff's treatment history showing no or only trace edema and concluded that no limitations were necessary to account for this non-severe impairment.

The Commissioner argues—and the Court agrees—that this case is more closely analogous to *Aaron B. v. O'Malley,* No. 1:23-cv-1773-RLY-KMB, 2024 WL 3325123, at *3-5 (S.D. Ind. July 8, 2024), *report and recommendation adopted*, 2024 WL 3948086 (Aug. 27, 2024). In *Aaron B.*, the plaintiff testified that he had to lie down and elevate his legs for three to four hours after being on his feet for 30 minutes, and his primary care physician recommended that he elevate his legs daily. *Id.* This Court found the ALJ reasonably discredited the Plaintiff's claims about the severity of his symptoms and "was not required to incorporate his testimony that he needs to elevate his legs for three to four hours after being on his feet for thirty minutes into his RFC." *Id.* at 5. In addition, this Court noted that the plaintiff failed to explain why he could not comply with his primary care provider's recommendation to elevate his legs twice a day during times outside of work. *Id.* Similarly, here, Plaintiff has not shown how Dr. Odeta's recommendation to elevate her left foot while watching television equated to a medical instruction that she must elevate her foot while seated at work or why she could not comply with such recommendation outside of work.

In response to Plaintiff's argument that the vocational expert's testimony supports her argument, the Commissioner acknowledges that the vocational expert testified that if a worker would need to have her leg elevated to waist level when seated, this would preclude competitive employment. However, Plaintiff did not testify that she needed to elevate her leg *any* time she was seated. Plaintiff testified that after being on her feet to run errands, such as going to the store, her left foot would have swelled enough that she would have to take her shoe off and "prop

7

[her] foot up for a little while." [Filing No. 9-2, at ECF p. 69.] Plaintiff's testimony of a need to prop her foot up for a little while after being on her feet does not immediately translate into a medical need to elevate her left leg to waist level any time she is seated. Moreover, the ALJ was not required to credit all of Plaintiff's subjective statements. It is Plaintiff—not the ALJ—who has the burden of proving a disabling degree of symptoms. Plaintiff and the ALJ disagreeing about how to weigh the evidence does not mean that the ALJ committed reversible error. *See, e.g., Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) ("Remember, too, that [the plaintiff] bears the burden of proving she is disabled. She failed to carry that burden by not identifying any objective evidence in the record corroborating [a physician's] statement. Even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence."). The ALJ's decision reflects detailed analysis of Plaintiff's treatment history for her left foot edema.

In addition to Plaintiff's treatment history, the ALJ noted that Plaintiff was not prescribed or taking any medication for her edema. The ALJ also considered Plaintiff's edema when evaluating the record medical opinions, but ultimately found that the reviewing medical consultants' opinions he adopted were consistent with Plaintiff's lack of or trace edema. After finding Plaintiff's edema to be non-severe, the ALJ decided to assess no functional work limitations from it. That decision is supported by substantial evidence. The Court cannot re-weigh the evidence or substitute its judgment for that of the Commissioner. *See, e.g., Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Thus, the ALJ's decision is affirmed.

### IV.   Conclusion

For all these reasons, Plaintiff's request for remand is denied. [Filing No. 14.]

Date: 1/30/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email